IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESSERA, INC., <br><br>    Plaintiff, <br><br>v. <br><br>AMKOR TECHNOLOGY, INC., <br><br>    Defendant. | C. A. No. <br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF TESSERA, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Tessera, Inc. ("Tessera") hereby pleads the following claims for patent infringement against Defendant Amkor Technology, Inc. ("Amkor"), and alleges as follows:

**INTRODUCTION**

1. Tessera is a global leader in the development of semiconductor packaging technology. Semiconductor packages serve as the electrical interface between semiconductor chips and the systems in which they operate. They also protect delicate chips from damage, contamination, and stress resulting from repeated heating and cooling. Tessera's technology allows companies around the world to meet the growing demand for smaller, faster, less expensive and more reliable electronic products. The United States Patent Office has awarded Tessera hundreds of patents that reflect its innovation and protect the company's investment in the technology it has developed.

2. More than seventy semiconductor manufacturers and packaging companies have obtained licenses to Tessera's patented technology. The rights granted by Tessera under its patents enable these licensees to continue to provide consumers with new generations of faster, smaller and more reliable electronic products. Tessera's patented innovations have already been incorporated into more than fifteen billion semiconductor packages sold throughout the world.

3. This action seeks redress for Amkor's infringing activities.

## THE PARTIES

4. Plaintiff Tessera is a corporation organized and existing under the laws of the State of Delaware.

5. On information and belief, Amkor is a corporation organized and existing under the laws of Delaware.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and § 1331.

7. This Court has personal jurisdiction over Amkor, because, among other reasons, Tessera is informed and believes that Amkor resides in this district, has done business in this judicial district, has committed and continues to commit acts of patent infringement in this judicial district, has harmed and continues to harm Tessera in this judicial district; and has purposefully availed itself of the rights and benefits of Delaware law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400, 1391 (b) and (c) because, among other reasons, Amkor resides in this district, is subject to personal jurisdiction in this district, has a regular and established place of business in this district and has on information and belief committed acts of infringement in this district.

## CLAIM FOR PATENT INFRINGEMENT AND DECLARATION OF PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 6,046,076

9. Tessera hereby incorporates the allegations of Paragraphs 1 through 8 as if fully set forth herein.

10. United States Patent No. 6,046,076, entitled "Vacuum Dispense Method For Dispensing An Encapsulant And Machine Therefor," was duly and legally issued on April 4, 2000. Tessera is the owner by assignment of all right, title and interest in and to the '076 Patent. A copy of the '076 Patent is attached as Exhibit A.

11. Tessera is informed and believes, and thereon alleges, that Amkor has infringed, is currently infringing or will infringe the '076 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing products falling within the scope of the '076 Patent, including for example Claims 1 and 6, which are unlicensed based on the July 5, 2012 arbitration award in *Amkor Technology, Inc., v. Tessera, Inc.*, 16 531/VRO. Such products include, by way of example and without limitation, infringing vacuum-encapsulated and molded underfill semiconductor packages manufactured by Amkor that are not licensed based on the July 5, 2012 arbitration award in *Amkor Technology, Inc., v. Tessera, Inc.*, 16 531/VRO. Amkor also has on information and belief infringed, continues to infringe, or will infringe the '076 Patent by actively inducing infringement and/or contributorily infringing the '076 Patent based on the above activity. Amkor is therefore liable to Tessera under 35 U.S.C. § 271.

12. Amkor's infringement of the '076 Patent has been and continues to be willful and deliberate, entitling Tessera to increased damages under 35 U.S.C. § 284.

13. Amkor's acts of infringement have caused damage to Tessera, and Tessera is entitled to recover from Amkor the damages sustained as a result of Amkor's wrongful acts in an amount yet to be determined and subject to proof at trial.

14. Unless enjoined, Amkor's infringement of Tessera's rights under the '076 Patent will continue to damage Tessera, causing Tessera irreparable injury as a direct and proximate result of Amkor's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Tessera prays for the entry of judgment in favor of Tessera as follows:

  A. A declaration that Amkor has or will infringe, induce others to infringe, and/or commit acts of contributory infringement of one or more claims of the '076 Patent;

  B. That Amkor, and its affiliates, subsidiaries, directors, officers, employees, attorneys, agents and all persons in active concert or participation with any

of them be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, or contributory infringement of the '076 Patent;

C. That Amkor pay Tessera damages in an amount adequate to compensate Tessera for Amkor's infringement of the '076 Patent, but in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

D. That Amkor be ordered to provide an accounting;

E. That Amkor be ordered to pay supplemental damages to Tessera, including without limitation interest;

F. That the infringements be adjudged willful and that the damages be increased under 35 U.S.C § 284 to three times the amount found or measured;

G. That this be adjudged an exceptional case and that Tessera be awarded its attorneys' fees pursuant to 35 U.S.C. § 285;

H. That Amkor be required to pay pre- and post-judgment interest on the damages assessed; and

I. Any other equitable relief to which Tessera is entitled;

J. That Tessera be awarded such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Tessera hereby demands a trial by jury on all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Morgan Chu
Benjamin W. Hattenbach
Jason Sheasby
Anthony E. Falcone
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 203-1010

Dated: July 6, 2012
1066080

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Tessera, Inc.*